15-3321-cv
Poughkeepsie Supermarket Corp. v. Dutchess County

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of May, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                       *Circuit Judges.*

_____

POUGHKEEPSIE SUPERMARKET CORP., d/b/a MARKET FRESH, individually and on behalf of all others similarly situated,

                       *Plaintiff-Appellant*,

              v.                                            15-3321-cv

DUTCHESS COUNTY, NEW YORK,

                       *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Robert N. Isseks (Kevin D. Bloom, Bloom & Bloom, P.C., New Windsor, NY, *on the brief*), Middletown, NY.

Appearing for Appellee:     David L. Posner, McCabe & Mack, LLP, Poughkeepsie, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Poughkeepsie Supermarket Corp. appeals from the October 15, 2015 opinion and order of the United States District Court of the Southern District of New York (Seibel, *J.*), dismissing its complaint under Federal Rule of Civil Procedure 12(b)(6). The complaint alleged that defendant-appellee Dutchess County's Local Law No. 9 of 1991, which requires that price stickers be placed on individual items for sale at retail, compelled commercial speech in violation of the First Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of a motion to dismiss de novo, construing the complaint liberally, accepting its factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *See Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

"It is undisputed that the speech in this case is commercial speech 'entitled to the protection of the First Amendment, albeit to protection somewhat less extensive than that afforded "noncommercial speech."'" *Safelite Grp., Inc. v. Jepsen*, 764 F.3d 258, 261 (2d Cir. 2014) (quoting *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 637 (1985)).[2] Restrictions on commercial speech are subject to intermediate scrutiny review under *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980). *See Safelite Grp., Inc.*, 764 F.3d at 261 ("In *Central Hudson,* the Court established that a restriction on commercial speech is subject to intermediate scrutiny, that is, a determination of whether the restriction directly advances a substantial governmental interest and is not overly restrictive."). But, under *Zauderer*, "an informational disclosure law . . . [is] subject to rational review, that is, a determination of whether the required disclosure is reasonably related to the state's interest," *Safelite Grp., Inc.*, 764 F.3d at 262. *See Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 113-15 (2d Cir. 2001) (explaining why informational disclosure laws are subject to less scrutiny than are commercial speech restrictions).

Because Local Law No. 9 requires only the disclosure of purely factual and uncontroversial information—namely, item pricing—about the retailer's own goods, and because the disclosure requirement is supported by an interest greater than the gratification of consumer curiosity, we apply rationality review. *See N.Y. State Rest. Ass'n v. N.Y.C. Bd. of Health*, 556 F.3d 114, 133 (2d Cir. 2009); *cf. Safelite Grp., Inc.*, 764 F.3d at 263-64; *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 96 n.16 (2d Cir. 2010). When a party seeks to invalidate a law under rational review, the "burden of persuasion [is] on the party challenging a law, who must disprove 'every conceivable basis which might support it.'" *Windsor v. United States*, 699 F.3d 169, 180 (2d Cir. 2012) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)), *aff'd*, 133 S. Ct. 2675 (2013).

---

[2] The district court questioned whether the First Amendment applied to this case, reasoning that the law at issue regulated conduct, not speech, but did not dismiss the complaint on this ground. *See Poughkeepsie Supermarket Corp. v. County of Dutchess*, — F. Supp. 3d —, 2015 WL 6128800, at *3 (S.D.N.Y. Oct. 15, 2015). We note, however, that the parties agree that this law compels commercial speech.

Although Poughkeepsie Supermarket alleges facts seeking to show that some of the reasons for implementing the law are no longer valid, it failed to allege sufficient facts to demonstrate that the law was not reasonably related to the state's valid interest in providing complete price information to consumers. The district court therefore correctly granted Dutchess County's motion to dismiss for failure to state a claim.

We have considered the remainder of Poughkeepsie Supermarket's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk